UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| VETO MODESTO SULLA MANGO<br>8757 Georgia Avenue, Suite 400<br>Silver Spring, Maryland 20910<br><br>*Individually and on Behalf*<br>*of All Others Similarly Situated*,<br><br>Plaintiff,<br>v.<br><br>EVIANIA, INC.<br>d/b/a N & S CONSTRUCTION<br>15117 Kamputa Drive<br>Centreville, Virginia 22020<br><br>SERVE:   **Registered Agent:**<br>Nick Samiotis<br>15117 Kamputa Drive<br>Centreville, Virginia 22020<br><br>And<br><br>NICK SAMIOTIS<br>15117 Kamputa Drive<br>Centreville, Virginia 22020<br><br>Defendants. | Civil Action No.: |

## PLAINTIFF'S COLLECTIVE ACTION COMPLAINT

Plaintiff Veto Modesto Sulla Mango ("Plaintiff"), individually and on behalf of all others similarly situated, brings this action against Eviania, Inc. d/b/a N&S Construction ("N&S Construction") and Nick Samiotis ("Samiotis") (together, "Defendants"), for damages and other relief relating to violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"). Plaintiff states the following as his claims against Defendants:

## OVERVIEW

1. Plaintiff brings claims to recover unpaid overtime compensation under the FLSA. Plaintiff brings these claims on his own behalf, and as a collective action on behalf of all current or former similarly situated individuals that performed construction and related laborer duties for Defendants' benefit and/or Defendants' customers and client's benefit, who may choose to opt in to this action under 29 U.S.C. § 216(b).

2. As described below, Defendants failed to pay Plaintiff and those similarly situated 1.5 times their regular rate of pay for all hours worked over forty (40) in a workweek. By doing so, Defendants have violated the FLSA.

## THE PARTIES

3. Plaintiff is an adult resident of the State of Maryland.

4. N&S Construction is a corporation formed under the laws of the Commonwealth of Virginia that performs commercial construction and related duties for customers and clients in Virginia, Maryland, and the District of Columbia.

5. Plaintiff was employed by Defendants to perform construction related drywall, painting, and other laborer duties for the period of about 2006 through about April 2019.

6. By acting as the named Plaintiff in this FLSA collective action, and filing this Collective Action on behalf of himself and others similarly situated, Plaintiff does hereby affirm his consent, in writing, to be a Plaintiff in a Collective Action seeking unpaid wages and statutory damages on behalf of himself and others similarly situated.

7. At all times relevant, Samiotis was N&S Construction's primary owner and managing officer. In this capacity, Samiotis was individually in charge of managing and administering the day-to-day operations of N&S Construction, managed and supervised N&S

Construction's employees, including Plaintiff and those similarly situated, set N&S Construction's employee's schedules and pay rate and methods, including those of Plaintiff and those similarly situated, and, individually, was in charge of keeping and maintaining all of N&S Construction's employee records, including records relating to Plaintiff and those similarly situated.

8. Plaintiff and those similarly situated are or were employees of both Defendants within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

9. During the relevant period, Defendants engaged in interstate commerce and are or have been an enterprise engaged in commerce or in the production of goods or services for commerce within the meaning of 29 U.S.C. § 203(s)(1).

10. In each year during the relevant period, Defendants had an annual gross volume of sales made or business done of not less than $500,000.00.

11. At all relevevant times, Defendants both qualified as the "employer" of and for Plaintiff and those similarly situated within the meaning of the FLSA, 29 U.S.C. § 203(d).

12. Plaintiff, and all those similarly situated, are or were individual employees engaged in commerce or in the production of goods or services for commerce. 29 U.S.C. § 207.

## JURISDICTION & VENUE

13. This Court has subject matter jurisdiction under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331, because Plaintiff's claims arise under the FLSA, a Federal statute.

14. This Court has personal jurisdiction over Defendants because Defendants regularly conduct business in the geographic region of the Eastern District of Virginia.

15. Venue is proper in this District under 28 U.S.C. § 1391(b)(1) because Defendants reside within this District, and under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred in this District.

## FACTUAL ALLEGATIONS

16. Plaintiff and those similarly situated work or worked for Defendants performing construction and/or laborer related duties for Defendants' customers and clients in Virginia, Maryland, and the District of Columbia.

17. At all times relevant to this action, Defendants knowingly suffered and/or permitted Plaintiff and those similarly situated to regularly work more than forty (40) hours in workweeks.

18. During his employment with Defendants, Plaintiff performed drywall, painting, and other laborer duties for Defendants' customers and clients in Virginia, Maryland, and the District of Columbia and regularly and customarily worked between forty-five (45) to fifty-five (55) or more hours per week.

19. At all times, Defendants had actual knowledge of all hours Plaintiff and those similarly situated worked each week and had actual knowledge that Plaintiff and those similarly situated worked more than forty (40) hours per week.

20. At all times relevant, Defendants paid Plaintiff and those similarly situated a flat hourly rate for all hours worked including overtime worked over forty (40) hours per week.

21. Plaintiff and those similarly situated were not compensated in accordance with the FLSA because they were not paid proper overtime wages and the required time-and-one-half rate for all hours worked more than forty (40) per workweek.

22. Specifically, rather than paying them 1.5 times their regular rate of pay for all hours worked over forty (40) in a workweek, which is required by the FLSA, Defendants paid Plaintiff and those similarly situated only "straight time" (at their regular hourly rates) for overtime worked over forty (40) hours per week. *See* 29 U.S.C. § 207.

23. At all times during Plaintiff's period of employment, Defendants had actual knowledge of the FLSA time-and-one-half overtime requirement.

24. Defendants had actual knowledge their failure to pay Plaintiff and those similarly situated at the FLSA required time-and-one-half rate for overtime hours worked more than (40) per week constituted a direct violation of the FLSA overtime pay requirement.

## COLLECTIVE ACTION ALLEGATIONS

25. Plaintiff brings this action individually and on behalf and all similarly situated individuals.

26. Plaintiff seeks certification of the following FLSA collective:

> All individuals who perform or performed construction and/or laborer related duties for Defendants and, at any time during the three (3) years prior to the filing of this Complaint through the entry of judgment, worked more than forty (40) hours in a week and (2) were not paid by Defendants at the time-and-one-half rate for overtime hours worked more than forty (40) hours in that week (the "FLSA Collective").

27. Pursuant to the FLSA, 29 U.S.C. § 207, employers are generally required to pay overtime compensation at a rate of 1.5 times an employee's regular rate of pay for hours worked over forty (40) in a workweek.

28. At all times relevant, Defendants paid Plaintiff and other similarly situated individuals at their "straight pay" regular hourly rate for all hours worked including overtime hours worked over forty (40) hours per week.

29. At all times relevant to this action, Plaintiff and those similarly situated have worked more than forty (40) hours per workweek for Defendants without receiving proper overtime compensation for their overtime hours worked.

30. Because of Defendants' failure to pay Plaintiff and those similarly situated the overtime compensation required by law, Defendants have violated the provisions of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2).

31. Defendants knowingly, willfully, or in reckless disregard of the law, maintained an illegal practice of failing to pay Plaintiff and the FLSA Collective proper overtime compensation for all hours worked over forty (40).

## CAUSE OF ACTION

### UNPAID OVERTIME WAGES
### FAIR LABOR STANDARDS ACT – 29 U.S.C. § 201, *et seq.*
On Behalf of Plaintiff and the FLSA Collective

32. Plaintiff re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

33. The FLSA, 29 U.S.C. § 207, requires employers to pay non-exempt employees 1.5 times the regular rate of pay for all hours worked over forty (40) hours per workweek.

34. Defendants suffered and permitted Plaintiff and those similarly situated to routinely work more than forty (40) hours in a workweek without proper overtime compensation as required by the FLSA, 29 U.S.C. § 201 *et seq.* and its implementing regulations.

35. Defendants knew, or showed reckless disregard for the fact, that they failed to pay these individuals proper overtime compensation in violation of the FLSA.

36. Defendants' failure to comply with the FLSA overtime protections caused Plaintiff and those similarly situated to suffer loss of wages and interest thereon.

37. Plaintiff and those similarly situated are entitled to unpaid overtime, liquidated damages, and attorney's fees and costs under the FLSA.

**WHEREFORE**, Plaintiff, individually and on behalf of those similarly situated, prays for relief as follows:

A. Permitting this case to proceed as a collective action under § 216(b) of the FLSA and ordering notice to the putative plaintiffs at the earliest opportunity to ensure their claims are not lost to the FLSA statute of limitations;

B. Judgment against Defendants, jointly and severally, for violation of the overtime provisions of the FLSA;

C. Judgment that Defendants' violations of the FLSA were willful;

D. An award to Plaintiff and those similarly situated in the amount of unpaid overtime wages and liquidated damages;

E. An award of any pre- and post-judgment interest;

F. An award of reasonable attorneys' fees and costs to be determined by post-trial petition;

G. Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and

H. Such further relief as may be necessary and appropriate.

Dated: April 14, 2020

Respectfully Submitted:

*[signature]*

Gregg C. Greenberg, VA Bar No. 79610
ggreenberg@zagfirm.com
ZIPIN, AMSTER & GREENBERG
8757 Georgia Ave., Suite 400
Silver Spring, MD 20910
Telephone: (301) 587-9373
Facsimile: (240) 839-9142

*Counsel for Plaintiff and the FLSA Collective*